## W. S. Catton v. H. H. Dexter.

1. VERDICTS—*Upon Conflicting Evidence.*—While the evidence in this case was conflicting, the court can not say that the jury was not warranted in finding as they did. Certainly the verdict is not so manifestly against the weight of the evidence as to require a reversal of the judgment for that reason.

2. ERROR—*Without Injury, not Ground for Reversal.*—The fact that instructions as to the measure of damages were conflicting and inharmonious, and contained inaccuracies, furnishes no ground for complaint where no damages were allowed.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

HERBERT POWELL, attorney for appellant.

C. F. H. CARRITHERS and E. A. AGARD, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant before a justice of the peace, to recover a balance of $30.25 which he claimed to be due him upon a contract to deliver ice to appellant for the season of 1894. A trial before the justice resulted in a judgment in favor of appellee for the sum of $30.25.

Upon appeal to the Circuit Court, there was a trial by jury, resulting in a verdict and judgment for appellee for the same amount.

Appellant insists upon a reversal for two reasons :

1. That the verdict is not supported by the evidence, and

2. That the court gave erroneous and misleading instructions.

It appears from the evidence that appellant was a butcher dealing in meat, and appellee was a dealer in ice. The parties substantially agree that appellee contracted to deliver ice to appellant for the season of 1894 for $110, but as to whether the season was to run longer that to October 15, 1894, there is some dispute.

There were mutual accounts between the parties, and when they came to settle, appellant claimed that by reason of appellee having failed to deliver ice on October 17, 1894, according to contract, he had meat of the value of $34.30

spoiled for want of such ice, and he demanded a deduction of that amount. This was in the latter part of December, 1894, or early in January, 1895, and was the first time that appellee had heard anything about a claim for meat spoiled for want of ice. This is the only item in dispute, the parties agreeing as to all other items in the mutual accounts.

There is a controversy in the evidence, as to whether ice was furnished on October 17, 1894 or not. The preponderance of the evidence seems to show it was. Evidently the justice of the peace, as well as the jury in the Circuit Court, rejected this claim of appellant for damages for meat spoiled, and we can not say they were not warranted by the evidence in so doing. Certainly the verdict is not so manifestly against the weight of the evidence as to require a reversal of the judgment for that reason.

There is some evidence tending to show that appellant could have obtained ice from other sources, if he had tried, and if he could, and did not do so, then the meat was spoiled through his own negligence and he could not recover the value thereof from appellee. His only claim would have been for the value of the ice which appellee failed to deliver, if he was bound, under the contract, to deliver any ice after October 15th. But there is no proof whatever, as to the value of the ice, and no allowance could be made therefor, even had the case been tried upon that theory, which, however, it was not.

It can not be denied that there are some inaccuracies in the instructions. but taken as a whole, we can not say the jury were misled by them.

Upon the measure of damages, the instructions were conflicting and inharmonious, but as the jury rejected appellant's whole claim for damages, and allowed nothing whatever therefor, these instructions could have done no harm. We see no sufficient reason for reversing the judgment on account of the instructions.

Appellant having had two trials on the questions involved, both of which resulted against him, we think he must now be satisfied to let the litigation end. Seeing no good reason why the judgment should be reversed, it will be affirmed.